IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00097-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **(1) JASON DEAN KEEVER,** ) <br> ) <br> Defendant. ) <br> _____ ) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Seal [Doc. 77].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 75] and Exhibit [Doc. 76], under seal in this case. [Doc. 77]. For grounds, counsel states that the unredacted memorandum and exhibit contain sensitive information. [Id.]. The Defendant has filed a redacted version of the memorandum in the public record. [Doc. 77-1].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion to seal on August 21, 2024, and such motion has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant has filed a redacted version of the memorandum that is accessible to the public. [See Doc. 77-1]. Further, the Defendant has demonstrated that the exhibit and the redacted portions of the memorandum contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the unredacted Sentencing Memorandum and the Exhibit is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 77] is **GRANTED**, and the Defendant's unredacted Sentencing Memorandum [Doc. 75] and Exhibit [Doc. 76], shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: September 23, 2024

Martin Reidinger
Chief United States District Judge